# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-11248
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELIJAH BRAEDON LOUIS SCOTT HAZEN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:23-CR-12-1

_____

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

    Elijah Braedon Louis Scott Hazen pleaded guilty, pursuant to a plea agreement, to one count of interstate threatening communications. He was sentenced to an above-guidelines sentence of 60 months of imprisonment, followed by three years of supervised release. On appeal, he argues that the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court erred by applying a six-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(1).

Hazen first argues that the district court erred in deferring to Application Note 1 to § 2A6.1 in light of *Kisor v. Wilkie*, 588 U.S. 558 (2019). Because Hazen did not object to the § 2A6.1(b)(1) enhancement on this basis in the district court, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have recently clarified that *Kisor* did not expressly overrule or alter *Stinson v. United States*, 508 U.S. 36, 38 (1993), and held that the framework of *Stinson* continues to control. *See United States Vargas*, 74 F.4th 673, 677-85 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024). Additionally, Hazen has not otherwise shown clear or obvious error regarding the district court's deference to Application Note 1 to § 2A6.1(b)(1). *See Puckett*, 556 U.S. at 135; *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Next, Hazen argues that the district court erred in applying the § 2A6.1(b)(1) enhancement. However, we need not decide the issue because the Government has established that any error was harmless. First, the district court considered Hazen's guidelines range of imprisonment without the application of the enhancement and indicated that it would impose the same sentence if that range applied. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012). Second, the district court stated that, to the extent Hazen's guidelines calculations were incorrect, the court "would have imposed the same sentence without regard to that range," and it "would have done so for the same reasons, in light of the [18 U.S.C. § 3553(a)] factors." *See United States v. Juarez*, 866 F.3d 622, 634 (5th Cir. 2017). Further, while the district court remarked that Hazen's research into the cost of a bus ticket to Brownwood indicated he was "more seriously consider[ing] going" there, the record does not indicate that the court based the sentence on the application of the § 2A6.1(b)(1) enhancement or any factual findings

No. 23-11248

that Hazen committed an overt act for purposes of applying the enhancement. *See United States v. Goynes*, 175 F.3d 350, 355 (5th Cir. 1999).

AFFIRMED.